## Bruno v. Masser

118

*Robert A. Schwartz,* for plaintiff.
*Vincent B. Makowski,* for defendant.

FEUDALE, *J.,* September 12, 1990—This comes before the court on preliminary objections filed by defendant, Felix Masser, to the complaint in ejectment of plaintiffs, John and Nancy Bruno.

In an action in ejectment, Pennsylvania Rule of Civil Procedure 1054 sets forth specific averments that must be contained in an ejectment complaint. Pa.R.C.P. 1052(b) states:

"A party shall set forth in his complaint or answer an abstract of the title upon which he relies at least from the common source of the adverse titles of the parties."

The Brunos, however, in paragraph 4 of their complaint, stated:

"[N]o common source of the two chains of title has been identified, and the title abstractor has been unable to carry the search for either of the chains of title back any further in time."

The Brunos allege that an attorney at law would not hesitate to certify good and marketable title based on a clear chain of title back to the year 1875.

In *Reinbold v. Fake,* 11 Lebanon Leg. J. 177 (1966), the court noted that in a case where there was a problem of unrecorded deeds, the rule is satisfied by a certification of the abstractors that title could not be traced to a common grantor, or to the Commonwealth, because prior deeds are unrecorded. *Reinbold* involved circumstances similar to the case at bar where the defendant allegedly has no claim or record of ownership, and the plaintiff simply wanted to evict him. The court also noted in *Reinbold* that there is a recognized exception to Rule 1054(b) in those cases where the plaintiff, as in the present case, also bases his claim on adverse possession, since it is obvious that he cannot abstract a title he obtained in that manner. See Anderson Pa. Civil Practice, §1054.9, at 120 (1950). The court further noted:

"Nor would there seem to be much purpose in attaching an abstract title from the common source of the adverse titles of the parties, if a plaintiff alleges that he is the owner of the premises described in the complaint, having acquired it from his immediate predecessor in title and referring to his recorded deed and that the defendants are intruders or trespassers and have no record of title or color of title." *Reinbold, supra,* at 181.

The Brunos, in recognition of the technical problem concerning the abstract of title under Pa.R.C.P. 1054(b), plead in the alternative by setting forth the elements of adverse possession as a second count to their complaint. Mr. Masser objected to the pleading in the alternative, describing it as an attempt to evade the strict requirements of Pa.R.C.P. 1054(b), and if allowed would let plaintiffs in every ejectment case to "thumb their noses" at a fundamental principle of pleading.

Looking at the fundamental principles of pleading, Pa.R.C.P. 1051 states:

"Except as otherwise provided in this chapter, the procedure in the action of ejectment shall be in accordance with the rules relating to a civil action."

Rule 1020, Pa.R.C.P., concerning pleading more than one cause of action and alternative leading in actions of law, states in paragraph (c): "Causes of action and defenses may be pleaded in the alternative." Further, paragraph (d)(1) of Pa.R.C.P. 1020 states: "If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person."

In *Rochester Borough v. Kennedy,* 229 Pa. 251, 78 A. 133 (1910), it was held appropriate action to amend a complaint to add the additional ground of adverse possession as a source of title. See also, *Fornwalt v. Bretz,* 83 Dauphin Rep. 170 (1964), where the court allowed amendment of an ejectment complaint to state the additional ground of adverse possession and found no prejudice to the defendant nor any other reason to stand in the way of liberal allowance of such amendment.

Finally, the Brunos request reimbursement of their reasonable attorney's fees pursuant to 42 Pa.C.S. §2503(9) which provides that participants shall be entitled to reasonable counsel fee as part of the taxable costs of the matter. Mr. Masser calls plaintiffs' request for attorney's fees "scandalous and impertinent" under the rubric of Pa.R.C.P. 1017(b)(2).

42 Pa.C.S. §2503 provides in pertinent part:

"The following participants shall be entitled to a reasonable counsel fees as part of the taxable cost of the matter:. . .

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

While not clearly delineated, a review of the statute suggests this section generally speaks to the common-law concept of damages for abuse of process. Our reading of subsection (9) causes us to believe "the conduct of another party in commencing the action" is the salient language which only applies to a plaintiff who commences a clearly frivolous lawsuit or otherwise acting in such a manner during the lawsuit that is arbitrary, vexatious or in bad faith. See *McLaughlin v. Gerdts,* 19 D.&C. 3d 293 (1981).

For the foregoing reason, we will strike plaintiff's attorney fee allegation of damages as not being legally reasonable under this section and under the circumstances.

We, therefore, enter the following

### ORDER

And now, September 12, 1990, after argument held and in consideration of the briefs of counsel, it is ordered and directed that defendant's preliminary objections as to plaintiff's failure to comply with Pa.R.C.P. 1054(b) is denied, and defendant's preliminary objection to plaintiff's request for counsel fees in accordance with 42 Pa.C.S. §2502 is granted.